UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 19-62555-CIV-ALTMAN/HUNT

JASON PHILIPPS,

      Plaintiff,

v.

SC CAPITAL VENTURES, INC. D/B/A/
NEXT LEVEL, SCOTT RENNINGER,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Bill of Costs, ECF No. 9, and Plaintiff's Motion for Attorney's Fees, ECF No. 10.  The Honorable Roy K. Altman referred Plaintiff's Motions to the undersigned for a Report and Recommendation.  ECF No. 7; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of the record and Plaintiff's Motions, the undersigned respectfully RECOMMENDS that Plaintiff's Bill of Costs, ECF No. 9, be GRANTED IN PART and that Plaintiff's Motion for Fees, ECF No. 10, be GRANTED IN PART as set forth below.

## BACKGROUND

On October 14, 2019, Plaintiff brought this action against Defendants seeking to recover unpaid wages and liquidated damages pursuant to the Fair Labor Standards Act ("FLSA").  *See* ECF No. 1.  On November 27, 2019, the Court granted Defendants' Motion for Judgment on the Pleadings in favor of Plaintiff.  ECF No. 7.  Plaintiff now seeks attorney's fees in the amount of $2,960.00 and costs in the amount of $672.00.  ECF No. 19 at 7.  Plaintiff asserts that "the applicable fee agreement provides that Plaintiff's

counsel shall be entitled to reimbursement of costs plus the time expended on the case multiplied by $400.00 per hour." *Id.* at 2.  Plaintiff cites only one case in the last two years in which his counsel was awarded this rate.  ECF No. 23 at 2.

In response, Defendants argues that Plaintiff's counsel's hours are excessive and that Plaintiff's counsel's hourly rate is too high and should be reduced.  ECF No. 14 at 10. Defendants also contend that the terms of the applicable fee agreement were not disclosed in the manner required by Local Rule 7.3 (a)(4).  *Id.* at 3.  Defendants further argue that the qualifications of the timekeeper, Plaintiff's counsel, were not disclosed as required by Local Rule 7.3 (a)(5)(A).  *Id.* at 6.  Defendants also object to particular time entries made by Plaintiff's counsel.  *Id.* at 7–10.  Defendants further point out that the case was pending for approximately six and a half weeks prior to this Court's Order Granting Defendants' Motion for Judgment on the Pleadings and Incorporated Memorandum of Law.  ECF No. 7.

In reply, Plaintiff first argues that his counsel did comply with Local Rule 7.3(a)(4) by disclosing the terms of the applicable fee agreement.  ECF No. 19 at 3–4.  Next, Plaintiff argues that his counsel's description of his qualifications are sufficient within the meaning of Local Rule (a)(5)(A).  *Id.* at 4.  Lastly, Plaintiff examines the time entries disputed by Defendants and provides an explanation for each disputed entry, except for the November 19, 2019 entry, which Plaintiff's counsel voluntarily withdrew.  *Id.* at 5–6.

## DISCUSSION

It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable

attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008). In the instant case, Plaintiff is the prevailing party under the FLSA statute and is entitled to recover reasonable attorney's fees because this Court entered Final Judgment on the Pleadings in his favor. ECF No. 7.

Defendants argue that Plaintiff's counsel's applicable fee agreement disclosure is "too vague to meet the requirements of Local Rule 7.3(a)(4)." ECF No. 14 at 3. However, Local Rule 7.3(a)(4) only requires a fee motion "to disclose the terms of any applicable fee agreement," which Plaintiff's counsel has done. *Asbun v. Resende*, No. 15-61370-CIV- MATTHEWMAN, 2016 WL 4272372, at *2 (S.D. Fla. Aug. 4, 2016) (finding that Local Rule 7.3 does not overtly require that a fee agreement be filed with a motion for attorney's fees, only that the party seeking attorney's fees disclose the terms of any applicable fee agreement, "regardless of whether the party attaches a copy of the agreement to its motion").

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing

the requested hourly rate of a six-year attorney from $300 to $250).  The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299.  In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted).  Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[1]  *Id.*

### 1.   Reasonable Hourly Rate

Plaintiff seeks $2,960.00 in attorney's fees based upon professional services rendered, including attorney's fees accrued while litigating fees and costs, and costs of $672.00.  Plaintiff requests an hourly rate of $400 for his counsel.  ECF No. 10 at 2.

This Court must consider twelve factors when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'"  *Meyrowitz v.*

---

[1] Plaintiff has not requested an evidentiary hearing, and the undersigned concludes that a hearing is not necessary.  A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes.  *Norman*, 836 F.2d at 1303–04. Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309).  The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.  Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

4

*Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018).

These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered attorney Elliot Kozolchyk's affidavit and the twelve factors. Because of his nearly ten years of practice and employment law experience, counsel requests an hourly rate of $400. After this Court's Order Requiring Notice of Previously Awarded Fees and Costs, ECF No. 20, Plaintiff's counsel provided nine cases where he was awarded fees and costs in the District.[2] Based upon this Court's own knowledge and experience, as well as recent caselaw in the District, this Court concludes that a $375 hourly rate is a reasonable rate for an attorney with counsel's experience.

### 2.    Hours Reasonably Expended

---

[2] The undersigned notes that in only one case, *Kalabushchankau v. Devolro Group, LLC, et al.*, 19-60628-CIV-RUIZ, ECF No. 26 (S.D. Fla. July 31, 2019), was counsel awarded an hourly rate of $400. In the eight other cases, counsel was awarded an hourly rate of either $350 or $375. ECF No. 23 at 2. In the most recent case counsel cited, *Mehta v. IQlogg, Inc.*, 19-61823-CIV-ALTMAN/HUNT, ECF No.. 15 (S.D. Fla. Oct. 11, 2019), Judge Altman awarded him an hourly rate of $375, stating that "counsel's hourly rate [of $400.00 per hour is] somewhat excessive."

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on the attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

The undersigned has reviewed the billing record line-by-line and compared it to the filings generated. The undersigned observes that Plaintiff's counsel apparently seeks a significant number of hours for work done after Defendants agreed to fully compensate his client. Defendants allege, and Plaintiff does not contest, that Defendants as early as November 15, 2019, agreed to pay the full amount of the requested actual and liquidated damages sought by Plaintiff. Defendants also contend that they repeatedly asked Plaintiff's counsel to provide them with the amount of his attorney's fees and costs, but counsel refused to provide the information.

In his response, Plaintiff's counsel includes emails, ECF No. 19-1, largely confirming Defendants' contentions. In a November 15, 2019 email, Defendants offer Plaintiff's counsel the full liquidated amount of Plaintiff's claim, plus $1,000 in attorney's fees and costs. Plaintiff's counsel rejected that offer but refused to state a counteroffer. Instead, Plaintiff stated that the "settlement agreement can either be silent as to fees and

6

costs, or state that the parties agree to confer in good faith to resolve Plaintiff's fees and costs and, if they are unable to do so, Plaintiff will file a motion with the Court to determine and award Plaintiff's reasonable fees and costs." *Id.* at 1.

It is true that "fees incurred to recover fees constitutes compensable time if/when *reasonably* expended*." Ford v. Navika Capital Grp., LLC*, No. CV 14-00311-KD-C, 2017 WL 1381668, at *11 (S.D. Ala. Apr. 17, 2017) (emphasis in original). Nonetheless, "lawyers should not be compensated for turning the litigation about attorneys' fees into a second major litigation." *Id.* (quoting *Thompson,* 334 F.3d at 1245).

The undersigned notes that Plaintiff's counsel has a troubled history of fees litigation in the Southern District. *See, e.g., Nelson v. Kobi Karp Architecture & Interior Design, Inc.*, No. 17-23600-CIV-SEITZ/MCALILEY, 2018 WL 3059980, at *3 (S.D. Fla. May 8, 2018) (where the Court observed that "it appears that Plaintiff's counsel's sole intent . . . was to run up his bill"); *see also  Olguin v. Florida's Ultimate Heavy Hauling*, No. 17-61756-CIV-COOKE/GOODMAN, 2019 WL 3426539, at *12 (S.D. Fla. June 5, 2019), *report and recommendation adopted*, No. 17-61756-CIV-COOKE/GOODMAN, 2019 WL 5290856 (S.D. Fla. July 23, 2019) (where, "[s]imilar to his conduct in *Kobi Karp*, [Plaintiff's counsel] refused to settle a lawsuit after receiving a defense offer to pay the entire amount claimed by Plaintiff, as well as costs and attorney's fees of $1,000").

It is uncontested that as of November 15, 2019, Plaintiff's counsel had an offer on the table that would fully compensate his client, including liquidated damages, as well as pay him $1,000 in fees and costs.  According to his billing records, he had, as of that time, incurred $2,160 in fees for 5.4 hours of work at his requested rate of $400 per hour, and $672 in costs.  Since that time, Plaintiff's counsel has apparently run up an additional 2

hours solely because he unilaterally refused to enter into negotiations over his fees and costs. His billing records indicate that on November 19, 2019, Plaintiff's counsel reviewed an email regarding settlement from Defendant and sent a reply, but he states in his reply brief that the email cannot be found. At no time, however, does Plaintiff's counsel argue that a counteroffer was made. Instead, he alleges that Defendants "refused to settle" after counsel rejected Defendants' initial $1,000 fees and costs offer. ECF No. 19 at 6.

The undersigned disagrees with counsel's characterization of Defendants' behavior. From the record now before this Court, it appears that Plaintiff's counsel, in keeping with his history, refused to negotiate with Defendants regarding his reasonable fees and costs and thereby added a significant amount of fees. The issue here is not the reasonableness of the hours expended, or even the reasonableness of the full amount sought. Instead, the issue is the unreasonableness of continued litigation when Plaintiff has been fully compensated and Defendants have agreed that reasonable fees and costs are owed. Counsel is now asking this Court to reward his unwillingness to negotiate by awarding him a fee that far exceeds the maximum he could ever have hoped for had he negotiated. To do so would discourage negotiation and encourage litigation, which the undersigned finds patently unreasonable. Accordingly, the undersigned declines to award Plaintiff's counsel more than the 5.4 hours billed on or before November 15, 2019.

### 3.    Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court

has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

Here, the undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, multiplying Plaintiff's attorney's reasonable number of hours (5.4) expended by his hourly rate ($375) yields a recommended lodestar amount of $2,025.

### 4. Costs

Plaintiff seeks to recover $672.00 in litigation costs, which results from the initial $400 filing fee paid to the Clerk of Court and process server fees of $272. ECF No. 9. The costs of service and filing fees are routine expenses in litigation, which the undersigned finds are compensable. *See* 28 U.S.C. § 1920 (enumerating costs that court may tax). An exception arises when a Plaintiff uses a private process server. *See EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect service. *See id.* 28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." As no justification has been provided for a higher rate, only $65 of the service fee is recoverable.

**<u>RECOMMENDATION</u>**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Bill of Costs, ECF No. 9, be GRANTED IN PART and that Plaintiff's Motion for Attorney's Fees, ECF No. 10, be GRANTED IN PART to the extent that Plaintiff be awarded attorney's fees of $2,025 and costs of $465, for a total award of $2,490.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 13th day of March 2020.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Record